## Davis *v.* Robinson, Appellant.

*Deed—Delivery—Recording—Evidence.*

In an action of ejectment it appeared that the plaintiff, a church, claimed the land, designated as a numbered lot of a town under a deed from the founder of the town. The defendant claimed the land by mesne conveyances from the founder. It appeared that the deed to the church was not delivered until twenty-eight years after it was executed and acknowledged. About sixteen years after it was executed the founder executed a deed to defendant's predecessor in title for the same land "subject to any previous conveyance" to the church, "if, on examination, such a previous conveyance exists." Defendant took title several years thereafter, and her deed was recorded seven years prior to the recording of plaintiff's deed. There was evidence that the defendant immediately fenced the land, and in the subsequent year erected thereon a dwelling. There was also evidence that five years before the deed to plaintiff, the church, with the consent of the founder, began the erection of a church building on the adjoining lot then owned by the founder, and to some extent used the lot in controversy as a means of access to the church. *Held* (1) that plaintiff's deed was properly admitted in evidence; (2) that it was error to give binding instructions for plaintiff; (3) that the paper title of the defendant was superior to that of plaintiff, and (4) that the question whether the plaintiff had acquired an adverse and exclusive possession of the whole or any part of the lot was for the jury.

Argued May 9, 1906. Appeal, No. 125, April T., 1906, by defendant, from judgment of C. P. Somerset Co., Sept. T., 1903, No. 57, on verdict for plaintiffs in case of J. B. Davis et al., Councilmen of the Evangelical Lutheran Church at Ursina, Pa., v. Sarah Catharine Robinson, wife of Charles F. Robinson. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Reversed.

Ejectment for land in Ursian Borough.

The opinion of the Superior Court states the case.

Verdict and judgment for plaintiffs. Defendant appealed.

*Errors assigned* among others were (1) in giving binding instructions for plaintiffs; (2) in admitting in evidence the deed to plaintiffs.

90, (1906).]          Arguments—Opinion of the Court.

*W. H. Ruppel*, with him *A. H. Coffroth*, *J. R Scott* and *C. W. Walker*, for appellant.—The equities of the defendant rise higher then those of the plaintiff as to the rights of the parties under the unrecorded deed: Union Canal Company v. Young, 1 Wart. 410; Pringle v. Pringle, 59 Pa. 281; Trough's Estate, 75 Pa. 115; Galbraith v. Zimmerman, 100 Pa. 374.

*W. H. Koontz*, with him *J. G. Ogle* and *J. A. Berkey*, for appellee.

OPINION BY PORTER, J., October 22, 1906:

The plaintiffs brought an action of ejectment for lot No. 124 on the general plan of lots of the borough of Ursina, in the county of Somerset. Both parties claimed under William J. Baer, who originally laid out the town. The plaintiffs offered in evidence a deed from William J. Baer to their predecessors in the office of councilmen of the church, dated—1875, acknowledged—1875, and recorded April 22, 1903, conveying lots Nos. 124 and 125 in the plan of Ursina. This deed was properly admitted in evidence, the court could not determine, in advance, whether Baer had executed some other conveyance which rendered this deed inoperative: Hancock v. McAvoy, 151 Pa. 439. The second assignment of error is overruled. The plaintiffs themselves subsequently proved, however, that this deed was not delivered by Baer until April 22, 1903, and that the conveyance was made without consideration, and these facts were undisputed. The defendant claimed under a deed from William J. Baer to E. A. Yutzy, dated and acknowledged January 11, 1887, and recorded July 3, 1894, conveying, inter alia, lots 123 and 124 in the town of Ursina, which deed contained the following clause: "Lots Nos. 123 and 124 according to the Lyon's map, are hereby conveyed, subject to any previous conveyance, to the Lutheran congregation or its trustees, of any part thereof, if, on examination, such previous conveyance exists." Yutzy conveyed to Noah Scott by a deed dated and acknowledged July 11, 1887, and recorded July 3, 1894; and Scott conveyed lots Nos. 123 and 124 to Sarah Catherine Robinson by deed dated and acknowledged December 4, 1895, and recorded February 24, 1896; the consideration named in this deed was $150, and the defendant

produced evidence that this amount of purchase money was actually paid. It is an undisputed fact that the defendant fenced lot No. 124 in 1896, and in 1897 erected thereon a dwelling house, in which she has since resided. The plaintiffs brought this action of ejectment on June 1, 1903.

The deed from Baer to the plaintiffs was not delivered until sixteen years after the same grantor had conveyed lot No. 124, among others, to Yutzy and over fifteen years after Yutzy had conveyed to Scott, and almost nine years after both those deeds had been recorded; and Sarah Catherine Robinson had become a purchaser for value and had recorded her deed more than seven years before Baer had delivered the deed upon which the plaintiffs rely. The deed from Baer to the plaintiffs did not become effective as a conveyance, was insufficient to bind the grantor or pass title to the grantee, until it was delivered on April 22, 1903: Galbraith v. Zimmerman, 100 Pa. 374; Duraind's Appeal, 116 Pa. 93; Riddle v. Armstrong, 179 Pa. 263. The clause in the deed from Baer to Yutzy, making the grant of lots Nos. 123 and 124 " subject to any previous conveyance to the Lutheran congregation or its trustees of any part thereof, if, on examination such a previous conveyance exists," indicated that Baer was uncertain whether he had conveyed to the congregation a part of the lot, and it would have been direct notice to Yutzy and constructive notice to the defendant and others who succeeded to his title of any conveyance to the congregation which had then been delivered but remained unrecorded: Hancock v. McAvoy, 151 Pa. 439; Jennings v. Bloomfield, 199 Pa. 638, but it afforded no notice to any person of any conveyance which Baer might make or attempt to complete in the future. The power of Baer to affect the rights of the parties was at an end the moment his deed to Yutzy was delivered, and his subsequent delivery of a deed to the plaintiffs had no effect upon the rights of the defendant, but it left these litigants in precisely the same position that they had previously occupied. The clause referred to in the Yutzy deed would have been notice to those claiming under that conveyance of any title which the church had acquired by an entry under a parol gift and a taking of actual and exclusive possession of the land and expending money in improvements thereon, and it is very clear that the plaintiffs had not, at the time Baer conveyed to Yutzy,

acquired title to any part of this lot in any other manner.  But
to establish title under a parol gift, and a taking of actual pos-
session and spending money on the land, parol evidence is nec-
essary ; whether there is any evidence of the facts necessary
to establish such a title may be a question of law for the court,
the truth of the testimony is in such a case, however, always
for the jury.  We are constrained to hold that it was error for
the court below to give binding instructions in favor of the
plaintiffs, and that, under the undisputed facts, the paper title
of the defendant was superior to that of the plaintiffs.  The
first and tenth specifications of error are sustained.

Yutzy, to whose title the defendant has succeeded, acquired
all the rights which Baer possessed in 1887.  The legal title
to lot No. 124 was then undoubtedly in Baer, and passed by
the deed to Yutzy.  The only rights in the lot, or any part
thereof, which the plaintiffs can successfully assert against
this defendant are such as they might prior to 1887 have in like
manner asserted against Baer.  The nature and extent of those
rights are wholly dependent upon oral testimony.  The plain-
tiffs called witnesses whose testimony tended to establish that,
in October, 1870, almost five years before the deed from Wil-
liam J. Baer hereinbefore referred to bears date, the congrega-
tion, with the consent of William J. Baer, the owner of the
land, commenced the erection of a church on the corner of High
and First streets in Ursina ; the building was erected wholly
within the lines of lot No. 125, the front was on First street,
along the north side extended High street, the south wall ex-
tended back parallel to the line between lots Nos. 124 and 125
and eighteen inches distant from it ; two doors opened from
the south side of the building, next to No. 124, into the base-
ment.  Whether the plaintiffs, under the parol gift from Baer,
entered upon and retained adverse and exclusive possession of
the whole or any part of lot No. 124, and, if of a part only,
then the lines of such portion were matters to be determined
by the jury.

The judgment is reversed and a venire facias de novo
awarded.