# Davis *v.* Robinson, Appellant.

*Deed—Delivery—Recording—Adverse possession—Evidence.*

In an action of ejectment it appeared that the plaintiff, a church, claimed the land, designated as a numbered lot of a town under a deed from the founder of the town. The defendant claimed the land by mesne conveyances from the founder. It appeared that the deed to the church was not delivered until twenty-eight years after it was executed and acknowledged. About sixteen years after it was executed the founder executed a deed to defendant's predecessor in title for the same land "subject to any previous conveyance" to the church, "if, on examination, such a previous conveyance exists." Defendant took title several years thereafter, and her deed was recorded seven years prior to the recording of plaintiff's deed. There was evidence that the defendant immediately fenced the land, and in the subsequent year erected thereon a dwelling. There was also evidence that five years before the deed to plaintiff, the church, with the consent of the founder, began the erection of a church building on the adjoining lot then owned by the founder, and to some extent used the lot in controversy as a means of access to the church. *Held,* (1) that the question whether the plaintiff had acquired an adverse and exclusive possession of the whole or any part of the lot was for the jury; (2) that a judgment and verdict for the plaintiff for the portion of the lot used as a means of access to the church, should be sustained.

Argued May 7, 1907. Appeal, No. 210, April T., 1907, by defendant, from judgment of C. P. Somerset Co., Sept. T., 1903, No. 57, on verdict for plaintiff in case of J. B. Davis, W. S. Kuhlman, Samuel S. Beal and Lewis Habernicht, Councilmen of the Evangelical Lutheran Church at Ursina, Pa., v. Sarah Catherine Robinson, wife of Charles F. Robinson. Before RICE, P. J., HENDERSON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Ejectment for land in the borough of Ursina. Before KOOSER, P. J.

The facts appear by the report in 32 Pa. Superior Ct. 90, and by the opinion of the Superior Court.

Verdict and judgment for plaintiff.

*Errors assigned* were instructions quoted in the opinion of the Superior Court, and refusal of binding instructions for defendant.

*W. H. Ruppel*, with him *John R. Scott* and *C. W. Walker*, for appellant, cited on the question of adverse possession: Groft v. Weakland, 34 Pa. 304; Schuykill, etc., Improvement & R. R. Co. v. McCreary, 58 Pa. 304; Boggs v. Varner, 6 W. & S. 469; Brolaskey v. McClain, 61 Pa. 146; Root v. Com., 98 Pa. 170; Hughesville Water Co. v. Person, 182 Pa. 450; Zerbey v. Allan, 215 Pa. 383; Billington v. Welsh, 5 Binney, 129; Meehan v. Williams, 48 Pa. 238; In re Old Eagle School Property, 36 W. N. C. 348.

*W. H. Koontz*, with him *J. G. Ogle* and *J. A. Berkey*, for appellees.

OPINION BY BEAVER, J., October 7, 1907 :

When this case was previously before us—32 Pa. Superior Ct. 90—upon practically the same evidence as to the paper title, we said : " We are constrained to hold that it was error for the court below to give binding instructions in favor of the plaintiffs, and that, under the undisputed facts, the paper title of the defendant was superior to that of the plaintiffs." We also held that, " Whether the plaintiffs, under the parol gift from Baer, entered upon and retained adverse and exclusive possession of the whole or any part of lot No. 124, and, if of a part only, then the lines of such portion were matters to be determined by the jury."

In the retrial of the case the court followed our decision, and, although admitting, as was proper, the deed from Baer to the plaintiffs, instructed the jury at the same time, after reciting the facts very fully, as follows :

" The defense furthermore contends that they went to the records, and with the aid of counsel had search made and found no such conveyance upon record (from Baer to Davis et al.). They furthermore testify that they made inquiry of Judge Baer as to the existence of such a conveyance, and that clause in the deed of conveyance from Baer to Yutzy did not require of Mrs. Robinson further inquiry than has been shown she and her predecessors had made as to the title. That being so, the deeds from Baer to Yutzy, from Yutzy to Scott, and from Scott to Mrs. Robinson, all having been placed of record before the deed from Baer to the church had been de-

livered, I instruct you that, so far as the paper title is concerned, beginning with the parol gift to be followed by a deed, and actually followed by delivery in 1903, the title of Mrs. Robinson rises superior to that of the church, and plaintiff could not recover upon that title. If that were all there is in the case, I would instruct you to return a verdict for the defendant."

The court then reviews all the testimony relating to the adverse possession of lot 124, or a portion thereof, by the church, and, in the concluding paragraph of that portion of the charge, said:

" Now there are perhaps other features relating to this use or occupation of the premises in question that I may have forgotten, but you will recall them. But if under all the testimony you find that the church went into possession of this lot, and the evidence satisfies you that they used it, asserting their right thereon continuously, openly, notoriously and adversely, claiming it as their own, that would make them a title to lot 124 at the expiration of twenty-one years from their entry on and taking possession of it. They testify they took possession in 1870, and so the twenty-one years would end in 1891, and their testimony is that no one controverted their ownership until 1896. And if there were nothing further in the case I would instruct you, if you thus found the evidence, that you should find for the plaintiff for the ground in dispute.

" But at this point another question arose. This defendant acquired title, as I have indicated, in a line first from Baer to Yutzy, from Yutzy to Scott, and then from Scott to her, and that she went into actual possession of these premises. It was the next door to the plaintiff and upon property which they now claim as theirs. And from anything that the court has seen in the evidence the officers of the church as officers were absolutely silent as to their ownership of these premises. They permitted Mrs. Robinson to enter upon the premises, erect thereon a house at a cost of $1,000 or $1,200, without such notice as the law, under the circumstances, required they should have given her. And, therefore, under the evidence that we have in the case, I say to you as a question of law they are now estopped, notwithstanding evidence that they acquired title by possession—they are now estopped by their silence from denying the right of Mrs. Robinson to at least so

much of this lot as her house stands on and is essential to its use, and, indeed, as I shall instruct you later, to all parts of said lot, unless it be to what is essential to and used, as before stated, by the church as a passageway into this basement."

It is true that this portion of the charge is assigned for error, but it seems to us to be in exact accordance with the portion of our opinion in the previous case, above quoted, which indicated that the question of adverse and exclusive possession of either the whole or any part of the lot was for the jury. The portion of the charge complained of was undoubtedly in the interest of the defendant, and the limitation as to what the jury was at liberty to find in regard to adverse possession, if any question were to be submitted to them, was the most which she could ask.

The jury returned "a verdict in favor of the plaintiffs for that portion of lot 124—the premises in dispute—extending two and one half feet wide from First street along the division line between lots Nos. 124 and 125 westward to the western side of the westernmost door in the church building basement, the lines being indicated on the draft attached to verdict," upon which judgment was duly entered.

We are entirely satisfied with the manner in which the case was tried, and, it may not be improper to say, with the verdict also. It is, therefore, unnecessary to consider the numerous assignments of error, submitted for our consideration, in detail.

Judgment affirmed.