# Dillwyn Apartment Realty Co., Appellant, *v.* First Mortgage Guarantee & Trust Company.

*Taxation—Taxes on real estate—Liability of owner.*

In an action by a purchaser, a corporation, at sheriff's sale of real estate in foreclosure proceedings, to recover from a trust company alleged to be the owner of the land, taxes and municipal claims assessed against the land which the plaintiff had paid, an affidavit of defense is sufficient which admits that the legal title to the land in question was held in the name of an individual under a declaration of trust by which the defendant appeared to be the owner, but denies that the defendant ever went into possession of the property, or ever had received any income therefrom, or that the taxes or municipal claims had been assessed in defendant's name, or that defendant had ever appeared as the record owner, and avers that the real owner was the president of the plaintiff company under an agreement by which the defendant was trustee for him in the building operation, and that the plaintiff company had full knowledge and information of these facts.

In such a case the plaintiff could not recover for the further reason, apparent from the record, that it had no interest in the property, nor a lien upon the same prior to the sheriff's sale.

Argued Dec. 3, 1915. Appeal, No. 211, Oct. T., 1915, by plaintiff, from order of C. P. No. 2, Philadelphia Co., Dec. T., 1914, No. 785, discharging rule for judgment for want of a sufficient affidavit of defense in case of Dillwyn Apartment Realty Co. *v.* The First Mortgage Guarantee & Trust Company. Before RICE, P. J., ORLADY, HEAD, PORTER, KEPHART and TREXLER, JJ. Affirmed.

Assumpsit to recover taxes and municipal claims paid on account of certain real estate purchased by the plaintiff at a sheriff's sale.

Rule for judgment for want of a sufficient affidavit of defense.

The material averments of the statement of claim and of the affidavit of defense are set forth in the opinion of the Superior Court.

The court discharged the rule for judgment for want of sufficient affidavit of defense.

*Error assigned* was in discharging rule for judgment for want of a sufficient affidavit of defense.

*Jos. H. Sundheim,* of *Bernheimer & Sundheim,* for appellant.—The defendant trust company was the legal holder of the premises, even though its deed was unrecorded: Davis v. Martin, 8 Pa. Superior Ct. 133; Salter v. Reed, 15 Pa. 260; Rea v. Girard Life Ins., Etc., 16 W. N. C. 48; Kay v. Scates, 37 Pa. 31; Yarnall's App., 70 Pa. 335.

The defendant was liable for the taxes: Rawle v. Renshaw, 15 Pa. Superior Ct. 488.

The fact that the plaintiff's officers had knowledge of the relations existing between the defendant and Maurice R. Dillin does not relieve the defendant from liability: Logan v. Eva, 144 Pa. 312; Martin v. Jackson, 27 Pa. 504; Bergdoll v. Pitts, 41 Pa. Superior Ct. 257.

Two early Pennsylvania cases on this subject, on which all the others are based, are direct authority for the plaintiff in this case. In each of these cases the plaintiff had no lien upon or other interest in the property prior to the conveyance to him: Henry v. Horstick, 9 Watts 412; Caldwell v. Moore, 11 Pa. 58.

The following cases show that the plaintiff could have recovered in other jurisdictions where the case has been flatly before the court: Greer v. McCarter, 5 Kan. 17, 1869; Dana v. Colby, 63 N. H. 169; Quinby v. Sheffield, 84 Conn. 177; Scott v. Whiteley, 2 Clark (Pa.) 118; Harlan v. Jones, 104 Indiana 167.

*Morris Edgar Smith,* with him *J. Hector McNeal,* for appellee.—The lower court did not err in discharging the rule for judgment as every material allegation of plaintiff's statement of claim was denied categorically and such denials were substantiated by exhibits attached to

the pleadings: Neilson v. The Equitable Trust Company, 18 Superior Ct. 635; Bergdoll v. Pitts, 41 Pa. Superior Ct. 257; Commonwealth National Bank v. Shoemaker, 13 W. N. C. 255; Landreth v. McCaffrey (No. 1), 17 Superior Ct. 272.

Assumpsit does not lie for recovery of taxes and water pipe charges paid by a party who was neither mortgagee, trustee nor assignee of the mortgagee: Hogg v. Longstreth, 97 Pa. 255; Rawle v. Renshaw, 15 Pa. Superior Ct. 488.

OPINION BY PORTER, J., July 18, 1916:

The plaintiff corporation having purchased, at sheriff's sale, certain properties on Walnut street in the City of Philadelphia for a sum which was merely enough to cover the costs of the sale, the taxes for the years 1913 and 1914, and a lien of the city for laying water pipes, which had been filed of record in the Court of Common Pleas, remained charges upon the premises which the plaintiff was subsequently compelled to pay. The plaintiff then brought this action of assumpsit to recover of the defendant the amount of such taxes and municipal claim, alleging that the defendant corporation was the real owner of the property at the times the taxes were assessed and the municipal claim became a lien upon the premises. The statement of the plaintiff avers that the property had been conveyed by Jacob H. Oglesby to Thomas Gamon, Jr., by a deed dated February 26, 1912, which deed was duly registered and recorded, subject to a mortgage dated April 24, 1911, given by Maurice R. Dillin, the then owner, to Henry R. Shoch, and that said Gamon continued to be the record and registered owner in fee of said premises until the date of the sale by the sheriff; default having been made in payments upon the mortgage an action was begun thereon by the mortgagee against Maurice R. Dillin, mortgagor, and Thomas Gamon, Jr., the owner, and judgment was obtained in the action of scire facias on January 24, 1914; that a

writ of levari facias was issued on said judgment and the property was sold by the sheriff upon said writ on March 2, 1914, for the sum of seventy-five dollars, to this plaintiff, that the sum realized was only sufficient to pay the costs; that the taxes, giving the amount for each year, remained due and unpaid and that the lien for laying water pipes, giving the amount thereof, had been filed in the Court of Common Pleas, No. 3, at June Term, 1912, and remained charges upon the premises which the defendant was compelled to pay. The statement further averred that the taxes and water pipe claim were assessed in the name of Thomas Gamon, Jr., but that the real owner was the defendant corporation, for whom he was acting as trustee; that Gamon had on February 26, 1912, acknowledged and delivered to the defendant corporation a declaration of trust for the above mentioned property, acknowledging that he held the said premises in trust for the said defendant corporation, its successors and assigns, a copy of which declaration was attached to the statement, which declaration was accepted by the defendant corporation, and that Gamon continued to stand in this trust relation until the date of the sheriff's sale. The declaration of trust attached to the plaintiff's statement did, if it stood alone, constitute the defendant corporation the real owner of the premises. The defendant corporation filed an affidavit of defense, whereupon the plaintiff entered a rule for judgment for want of a sufficient affidavit of defense, which rule the court below discharged and the plaintiff appeals from that order.

The affidavit of defense admitted that Thomas Gamon, Jr., did execute and deliver to the defendant corporation the declaration of trust attached to the plaintiff's statement, but specifically denied that it held the said property under said declaration of trust as the real owner thereof, it averred that it held it only for the uses and purposes set forth in a certain agreement made by and between Maurice R. Dillin and the defendant cor-

poration, dated the 22d day of April, 1911, a true copy of which agreement was annexed to and made part of the affidavit of defense, and the contents of the said agreement and the nature of said contract were both fully known by the plaintiff, the Dillwyn Apartment Realty Co. The affidavit further averred that the defendant had never received any of the rents or income of said properties, but that the same were collected under and by the direction of Maurice R. Dillin, which fact was known to the plaintiff corporation, of which the said Dillin was president. It is unnecessary to recite all the details of the affidavit of defense, which, because of the form of plaintiff's statement, was necessarily long. It is sufficient to say that if the allegations of the affidavit are true the defendant never went into possession of the property and never received any of the income thereof, but the same remained in possession of Dillin, who was carrying on a building operation thereon, who had executed the mortgage upon which the property was subsequently sold, and who was president of the plaintiff corporation which now seeks to compel this defendant to pay the taxes and municipal charge which Dillin ought to have paid.

The conveyances which resulted in vesting Thomas Gamon, Jr., with the record and registered title were made in pursuance of the agreement between Dillin and the defendant corporation. The declaration of trust by Gamon was made in pursuance of the agreement between Dillin and the defendant, the two papers are to be construed together and thus construed it is clear that the defendant corporation was a trustee for Dillin, to whom it was required to account. The declaration of trust made by Gamon was never recorded and there is nothing in either the statement of the plaintiff or the affidavit of the defendant from which it can be inferred that any person was misled by the declaration of Gamon into the belief that the defendant corporation was the real owner of the property. The defendant did not appear of record as the owner, it was not in possession of the prop-

erty and the taxes were not assessed in its name. The facts disclosed by the affidavit of defense are not such as to render the defendant liable to the plaintiff for the taxes and municipal claim, they are different from those which were considered in Theobold v. Sylvester, 27 Pa. Superior Ct. 362, and cases there cited. This case comes within the principle recognized in Rawle v. Renshaw, 15 Pa. Superior Ct. 488. The defendant was a trustee for Maurice R. Dillin, who was the real owner and the person ultimately liable, if the facts averred in the affidavit of defense are true, and the plaintiff should look to its own president for reimbursement.

The plaintiff is not entitled to recover upon another ground, viz: It had no interest in the property nor lien upon the same prior to the sheriff's sale. There was no privity of contract or in estate between this plaintiff corporation and this defendant or any lien creditor. When the representatives of the plaintiff corporation appeared at the sheriff's sale they were in the same position as any other bidder who had no previous interest in the property nor claim against the same. Such a purchaser at sheriff's sale is subject to the rule of caveat emptor and should ascertain whether or not there are taxes or municipal claims which will not be discharged by the sale in case the sum realized is not sufficient to pay them. They are presumed to have known that taxes and municipal claims will in such an event have to be subsequently paid and must regulate their bidding accordingly. When such a bidder acquires the property for a mere nominal sum, only sufficient to pay the costs, he takes it knowing that he will have to pay the taxes and municipal claims which are not discharged; he is a mere volunteer in the whole transaction. The plaintiff corporation could have ascertained by investigation at the proper public offices whether such claim existed and is presumed to have known that it would have to pay them, when it acquired the property for a nominal sum.

The appeal is dismissed at the cost of the plaintiff, but without prejudice, &c.