## Shaffer Building and Loan Association v. Webb.

*Louis Goodfriend*, for plaintiff; *Charles I. Thompson*, for defendant.

SMITH, P. J., February 20, 1931.—The plaintiff having purchased at sheriff's sale real estate to which defendant held the legal title, paid certain taxes assessed against the properties while the title was in defendant and brought suit for these taxes, as well as for interest accrued on mortgages prior to the sheriff's sale.

The court directed the jury to find for the defendant with respect to the interest, and left to the jury to determine whether the plaintiff had knowledge of the character in which the defendant held the title. The verdict of the jury was in favor of the defendant, and the plaintiff now moves for judgment *non obstante veredicto* in its favor and has taken a rule for a new trial.

Charles A. Mahon was the owner of the real estate in question, and, desiring to erect houses thereon, entered into an arrangement by which the Land Title and Trust Company of Philadelphia gave certain insurance for the benefit of subcontractors, and the title to the real estate was transferred to H. Leroy Webb, the defendant, an employee of the Land Title and Trust Company, for the purpose of protecting the Land Title and Trust Company, as well as the subcontractors. At the time of the transfer of title to Webb in 1925, he executed a declaration of trust showing the rights of the respective parties and that he, Webb, held a mere naked title in trust for the different parties interested. This declaration of trust, however, was not recorded.

On January 15, 1926, Webb transferred the title to Claude Ruby, and the latter executed four bonds and mortgages of $3200 each upon the houses erected on the said real estate, and on the same day re-transferred the title back to Webb, so that Webb was the legal owner during the year 1926, excepting the period on January 15th of that year, when the title was in Ruby.

The Philadelphia city taxes for the year 1926 were assessed against Webb.

The plaintiff held said mortgages, and no interest having been paid thereon, on June 7, 1926, judgment was entered on the bonds accompanying the mortgages and the properties sold on July 6th of the same year by the sheriff and purchased by plaintiff, the sheriff's deed being delivered on August 10, 1926.

The applications made to plaintiff for the loans were signed by Ruby, but the building and loan association books were sent to Mahon by the treasurer. The president of the association was one of the committee that inspected the premises preparatory to making the loans, and upon these premises was a large sign upon which was painted: "Builder and Owner, Charles A. Mahon. Homes for Sale."

The president admitted that he knew Mahon had been the owner of the premises, but thought they had been sold to the man Ruby, who applied for the loans.

The conveyancer of the association, who also examined and passed upon titles in connection with applications for loans, wrote a letter to Mahon, after default in the payment of interest, suggesting that Mahon should transfer title to the properties to plaintiff and avoid the necessity of a sheriff's sale.

There was evidence that both this conveyancer and the treasurer of the plaintiff made demands upon Mahon for payment of interest upon said loans.

While it is true, as plaintiff contends, that a purchaser at sheriff's sale who pays accrued taxes is subrogated to the right of the taxing municipality as against the late owner, on the other hand, where the holder of the legal title is a mere naked trustee, and this is known to the purchaser at sheriff's sale, such purchaser must look to the real owner for reimbursement for taxes paid: Rawle v. Renshaw, 15 Pa. Superior Ct. 488; Dillwyn Apartment Realty Co. v. First Mortgage Guaranty and Trust Co., 63 Pa. Superior Ct. 450.

While there is no direct evidence of notice to, or knowledge upon the part of plaintiff corporation of, the character in which this title was held, yet there was evidence from which the inference might fairly be drawn that the association knew of this fact.

In addition to the custom prevailing in building operations, which presumably must be known to building and loan associations in the same locality, we have the fact that the building and loan association books were sent to the real owner, that notice was given by the treasurer and conveyancer to the real owner of the nonpayment of interest, that the executive head of the plaintiff association inspected the properties at the time of the placing of the mortgages, and that on those premises there was a large sign calling attention to the fact that Mahon was the owner; and the added fact that this executive officer knew that up to the time of the placing of the mortgages Mahon was the owner, although the title was in the name of Webb. This evidence warranted the submission to the jury of the question whether the plaintiff had knowledge of the true character of the title held by Webb. If it had such knowledge, then it should look to the real owner for the payment of the taxes; and in the absence of such knowledge only should the defendant be required to pay them. This question was left to the jury under proper instructions, and the motion of plaintiff for judgment non obstante veredicto must be overruled.

The same questions are controlling as bearing upon the rule for a new trial. It may be noted, in addition, that the trial judge properly directed the jury to find in favor of the defendant upon the claim for unpaid interest upon either the mortgages held by plaintiff or any prior mortgages.

The Act of June 12, 1878, P. L. 205, expressly relieves a grantee of real estate from personal liability for mortgages existing at the time of the grant, unless there is a personal assumption of payment in writing; and we agree with the trial judge in his conclusion that this applies to the interest as well as to the principal of the mortgage; so that the instruction to the jury was proper.

And now, February 20, 1931, the motion of plaintiff for judgment *non obstante veredicto* is overruled. An exception to this action of the court is hereby noted for the plaintiff. The rule for a new trial is discharged, a new trial is refused, and judgment is directed to be entered on the verdict upon payment of the jury fee.