Emblem B. & L. Assn. v. Clark, Appellant.

Argued September 29, 1931.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham and Baldridge, JJ.

*Arthur S. Arnold,* for appellant.

*Milford J. Meyer,* and with him *Loewenstein, Winokur and Baylson,* for appellee.

OPINION BY GAWTHROP, J., November 11, 1931:

This is an appeal by defendant from an order of the court below making absolute plaintiff's rule for judgment for want of a sufficient affidavit of defense.

Smith Craighead, the owner of premises No. 933 Spruce Street, Philadelphia, made, executed and delivered a bond, and a mortgage on said premises, to plaintiff several years prior to the year 1928. In 1928 plaintiff entered judgment on the mortgage bond and the premises were sold to it by the sheriff on a writ of venditioni exponas on December 3, 1928, and the deed from the sheriff to the plaintiff was made, acknowledged and delivered on December 18, 1928. This suit was instituted against defendant to recover the amount of city and school taxes assessed against the premises for the year 1928, which plaintiff was required to pay.

The statement of claim avers that defendant obtained title to the premises by deed dated December 15, 1927, and was the real and registered owner of the premises on the 1st day of January, 1928, when the taxes were assessed and became a charge upon the land. The affidavit of defense does not deny that defendant was then the registered owner of the premises, nor that defendant obtained title to the premises by deed dated the 15th day of December, 1927, nor that the registered title continued in him until the sheriff's sale. The allegations of the affidavit relied on by defendant as sufficient to prevent judgment are that in November, 1927, Smith Craighead, the then owner of the premises, was financially embarrassed, and on November 30, 1927, conveyed several premises, including No. 933 Spruce Street, Philadelphia, to defendant pursuant to a written agreement, and for the benefit

of certain large creditors, of which defendant was one; that under and as a result of this agreement title to premises No. 933 Spruce Street was vested in defendant as trustee for the creditors and so continued until the time of the sheriff's sale; that the taxes which are the subject of this suit were not assessed against defendant, but against Smith Craighead. The agreement provided that at any time within the period of two years from the date thereof defendant should have the right to sell and dispose of the premises conveyed to him at such price and prices and upon such condition and conditions as defendant might deem proper, or to trade or exchange said property for other real estate; and at the end of two years to account for the proceeds of such sales and any excess of rents and income from said premises, "after deduction of any deficit there may be because of the income of such property, being less than amounts paid out by him (defendant) for carrying charges" to and among defendant and the other parties to whom Craighead was indebted in proportion to their claims; that Craighead should pay the taxes, building association dues, interest on encumbrances, and fire insurance on the premises conveyed to defendant, and that Craighead should manage the premises in such way and manner as should be approved by defendant "and only for the purpose of assisting him (defendant) in making payment of charges and sums required to preserve the equities" in the premises; and that at the expiration of two years from the date thereof, defendant should convey to the nominee of the other creditors of Craighead such of the real estate mentioned in the agreement as was not disposed of by defendant within the period of two years, and that the premises so conveyed should be held for the benefit of creditors other than defendant. Craighead was indebted to defendant in the sum of $12,000.

Defendant did not question the legality of the assessment nor the payment of the taxes by plaintiff, but rested his defense on the proposition that he was not the real owner of premises No. 933 Spruce Street at the time the taxes were assessed. The single question argued in the court below and in this court is whether the facts averred in the affidavit of defense, if proved, would relieve defendant of the liability for taxes arising from the fact that at the time the taxes were assessed the title as registered and recorded showed him to be the owner in fee. The primary duty to pay taxes assessed against real estate is on the real and actual owner: Meyers v. Rental Income Corp., 101 Pa. Superior Ct. 438. As between the parties to this suit, the assessment of the taxes is not conclusive as to the person who ought to pay them, and, in such circumstances, a recovery may be had from the owner of the land when the taxes were assessed in the name of another: Caldwell v. Moore, 11 Pa. 58. A mistake of the assessor will not relieve the real owner of liability: King v. Mt. Vernon Building Assn., 106 Pa. 165. The contention of counsel for appellant is that the facts averred in the affidavit of defense, if established by proof, would constitute his client a "holding strawman," without beneficial interest, that is, a mere dry trustee without any interest in the mortgaged premises. Defendant was more than the mere holder of the title. He had a substantial interest in the property and for all practical purposes was the owner. He had active duties to perform, the primary right to collect the rents and profits and to apply them to the carrying charges, the authority to sell or exchange the property on his own terms, an interest in the proceeds of such a sale. While Craighead was authorized to collect the rents and manage the premises, the agreement provides that in the performance of this service he was subject to the control of defendant, and that

what he did was "for the purpose of assisting him," defendant. Surely he would have been personally liable for the taxes, and would have had no defense in a suit by the city for them. "Defendant had the legal title, the possession and the right of possession, with full power to sell and convey a title in fee simple": Landreth v. McCaffrey, 17 Pa. Superior Ct. 276. He had such a personal interest in the land as made him the real owner thereof. As aptly asked by the late Judge TAULANE, in the opinion of the court below, "if the defendant was not the owner, who was the owner?" We are of one mind that there is no warrant for any construction of the agreement relied upon by defendant other than that he had a personal interest in the property from the moment he took title and was liable for the taxes which accrued while he held it. The case is ruled by the principle followed in Hogg v. Longstreth, 97 Pa. 255; Commonwealth National Bank v. Shoemaker, 13 W. N. C. 255, and Meyers v. Rental Income Corp., supra. Dillwyn A. Realty Co. v. First Mortgage Co., 63 Pa. Superior Ct. 450, relied upon by counsel for appellant as ruling this case in his favor, is clearly distinguishable from the present case upon its facts. It is sufficient to say that the Dillwyn case was decided upon the principle recognized in Rawle v. Renshaw, 15 Pa. Superior Ct. 488, that in a suit like the present, the record owner who is but a mere trustee will not be held liable for taxes assessed, *when the plaintiff had knowledge or notice of the trusteeship.* The affidavit of defense does not aver that plaintiff had knowledge of facts that would constitute defendant a dry trustee, and the agreement relied upon was not recorded. Our conclusion is that the affidavit of defense failed to set up a legal defense to plaintiff's claim.

The judgment is affirmed.