Fidelity-Phila. Tr. Co., Appellant, v. Bankers Trust Co. of Phila.

Argued October 13, 1931.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*Howard H. Rapp,* and with him *Morgan, Lewis & Bockius,* for appellant.

*Milton A. Kamsler* and with him *Sundheim, Folz & Sundheim* and *Robert von Moschzisker,* for appellee.

Opinion by Baldrige, J., January 28, 1932:

This action in assumpsit was brought by the plaintiff, a purchaser at sheriff's sale, to recover from the defendant $901.88 which it was obliged to expend in

the payment of city and school taxes assessed against the premises for the year 1930.

The plaintiff took a rule for judgment for want of a sufficient affidavit of defense. The learned court below, without passing upon the sufficiency of the affidavit of defense, discharged the rule on the ground that the statement of claim filed was insufficient to sustain a judgment.

We think it is unnecessary to decide whether or not the plaintiff's statement is adequate, as the affidavit of defense is obviously sufficient to prevent judgment.

The defendant admits that on May 9, 1929, the premises against which the taxes were assessed were conveyed to it, but avers that the recorded deed sets forth that the conveyance was made "under and subject to ...... a certain declaration of trust given by the said "Bankers Trust Company of Philadelphia ...... which is deposited with it;" that this declaration provided that it is subject to the terms of an agreement, in writing, of the same date, between Abraham Sharp, Hettie H. Phillips and Bankers Trust Company of Philadelphia. Copies of these two writings were attached to and made part of the affidavit of defense.

Under "New Matter" the defendant averred that at no time did it have possession of the premises described in the plaintiff's statement of claim, nor did it exercise any control thereover; that the true owner thereof during all the period of time mentioned in plaintiff's statement of claim was Abraham Sharp, for whom the plaintiff simply held title to the premises as a naked trustee for the purposes set forth in Exhibit "B;" that the rents were collected by Abraham Sharp, who paid the mortgage interest and other charges against the property.

To find the record owner of the property, the plaintiff was required to refer to the records, and there it expressly appears that defendant was not the real owner but held title to the property as trustee. This deed contained a sufficient recital to put the appellant on inquiry and it was his duty to make an investigation. It pointed out how all the facts could be ascertained of the trusteeship; that is all that was necessary: Parke v. Neeley, 90 Pa. 52; Hancock v. McAvoy, 151 Pa. 439; Jennings v. Bloomfield, 199 Pa. 638; Volk v. Eaton, 219 Pa. 649; Mulholland's Est., 224 Pa. 536; Davis v. Robinson, 32 Pa. Superior Ct. 90.

Accepting the averments in the affidavit of defense as true, as we must, the defendant never was the owner of the land upon which taxes were assessed, as contemplated by the Act of June 4, 1901, P. L. 364; it was not only a dry, but a disclosed trustee. That brings this case under the principle laid down in Rawle v. Renshaw, 15 Pa. Superior Ct. 488, where the defendant had, cotemporaneously with the deed which had apparently vested the title in him, delivered to the trust company a declaration of trust, which stripped him of every interest in the property; the trust company did not cause this declaration of trust to be recorded, but the parties had knowledge of its existence and were, therefore, not misled. So, here, the plaintiff had or he could have had, with due diligence, knowledge of the true situation. See also Dillwyn Apt. Realty Co. v. First Mortgage Guarantee & Trust Co., 63 Pa. Superior Ct. 450.

This case is readily distinguishable from the line of decisions where either a secret or an active trust existed, of which Landreth v. McCaffrey (No. 1), 17 Pa. Superior Ct. 272; Neilson v. Equitable Trust Co., 18 Pa. Superior Ct. 635, and Meyers v. Rental Income Corp., 101 Pa. Superior Ct. 438, are examples.

The order is affirmed.