## Rawle *v.* Renshaw.

*Taxes—Personal liability when paid by another—Implied promise.*

One who has been compelled to pay taxes, for which another is legally and personally liable, may recover the amount so paid from him whose duty it was to pay such taxes.

*Taxes—Liability of owner of naked legal title.*

A person who held a naked legal title to property for which he had given an unrecorded declaration of trust of which plaintiff, however, had knowledge, will not be held liable for taxes accruing pending his legal title; the defendant is under no liability for those taxes to the plaintiff who had been legally compelled to pay them; plaintiff's remedy is against the real owner.

Argued Oct. 15, 1900.   Appeal, No. 157, Oct. T., 1900, by plaintiff, in suit of William Brooke Rawle, trustee, etc., against Lewis S. Renshaw, from order of C. P. No. 3, Phila. Co., Dec. T., 1898, No. 603, discharging rule for judgment for want of a sufficient affidavit of defense.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.   Affirmed. Opinion by W. D. PORTER, J.

Rule for judgment for want of a sufficient affidavit of defense.

It appears from the record that the action was assumpsit to recover the sum of $379.40, being the amount assessed by the city of Philadelphia against defendant for taxes on certain premises for the years 1893 and 1894, which plaintiff was compelled to pay upon a sheriff's sale of the premises under the mortgage.

The following is an extract from defendant's affidavit of defense:

This deponent did not own the premises described in plaintiff's statement for which the taxes for the years 1893 and 1894 were assessed, at the time said taxes accrued and became a lien on said premises as in plaintiff's statement set forth, nor did this deponent ever own the said premises.   The true owner thereof during all the period of time mentioned in plaintiff's statement was the Real Estate Title Insurance & Trust Company of Philadelphia, for which company this deponent simply held the title to said premises as a naked trustee; during

said period of time this deponent did not receive any income from the said property, but the income, if any, was collected by the said the Real Estate Title Insurance Trust Company, by which company the interest on the mortgage during said period was also paid to plaintiff, and of all of which facts the said plaintiff had knowledge.

The court below discharged the rule for judgment for want of a sufficient affidavit of defense. Plaintiff appealed.

*Error assigned* was in discharging the rule for judgment for want of a sufficient affidavit of defense.

*A. T. Freedley*, for appellant.—A registered owner is personally liable to the city for taxes on the property during the period of his registered ownership; and when a mortgagee is compelled by compulsion of law to pay the taxes for which the registered owner is liable, it is well settled that such mortgagee can recover the amount from the registered owner. This was decided in Hogg v. Longstreth, 97 Pa. 255.

And this court, in the very recent decision of Republic Bldg. Assn. v. Webb, 12 Pa. Superior Ct. 545, elaborately considered all the cases upon the subject and affirmed the doctrine.

Under these facts it is submitted that the extent of the real interest of the defendant is immaterial in this case. Whether he has or has not any real interest as against his cestui que trust is a matter solely between the cestui que trust and the trustee.

But the question has been flatly decided by the Supreme Court in Bank v. Shoemaker, 13 W. N. C. 255.

The above case was quoted and followed in principle by this court in Building Assn. v. Webb, 12 Pa. Superior Ct. 545.

*John C. Bell*, for appellee.—The defendant contends that the settled rule and policy of our tax laws are, and always have been, to make the true owner of land liable for the payment of the taxes assessed against it. Personal liability for such taxes ought to be and is an incident of such ownership: King v. Bldg. Assn., 106 Pa. 165. See further to the same effect, Smeich v. County of York, 68 Pa. 439, Miles v. Canal Co., 140 Pa. 623, and Pepper & Lewis's Digest, title "Taxation," col. 4541, pl. 200.

Of all of these facts the plaintiff had knowledge.  It follows, therefore, that the company was the real owner and in receipt of the rents and hence should pay the taxes.  See in this connection, Landreth v. McCaffrey, 44 W. N. C. 184.

OPINION BY W. D. PORTER, J., December 10, 1900:

That one who has been compelled to pay taxes, for which another is legally and personally liable, may recover the amount so paid from him whose duty it was to pay such taxes, is now too well settled to require discussion: Republic Building & Loan Association v. Webb, 12 Pa. Superior Ct. 545; Commonwealth v. Mahon, 12 Pa. Superior Ct. 616; Caldwell v. Moore, 11 Pa. 58; King v. Mount Vernon Building Association, 106 Pa. 165.  The right to recover in such a case is based upon the principle that he who is compelled to pay the debt of another, because of the omission of the debtor to do so, may recover on the ground that the money is paid for the use of the debtor, and the law infers that the debtor requested such payment and promised reimbursement.  Upon this implied promise of the debtor, the party may maintain an action at law in his own name without the intervention of the municipality or the collector of taxes as legal plaintiffs.

It is an equitable mode of compelling the ultimate discharge of the debt by him who in good conscience ought to pay, and to relieve him whom none but the creditor could ask to pay.  This right is not to be sustained, when, under the circumstances, we would reach a result not only inequitable but in direct contravention of the principles upon which the right has been recognized to be founded.  In the present case, accepting the affidavit of the defense as true, the defendant never was the owner of the land upon which the taxes were assessed; his only title was a naked trust; the real owner was the Real Estate Title Insurance & Trust Company, which was in actual and beneficial possession of the premises.  The defendant had, cotemporaneously with the deed which had apparently vested the title in him, delivered to the trust company a declaration of trust, which stripped him of every interest in the property; the trust company did not cause this declaration of trust to be recorded or registered, but its effect as between the parties and all who had knowledge of its existence was to vest the absolute ownership

488, (1901).]                    Opinion of the Court.

in the trust company. The plaintiff had knowledge of all these facts and was not misled by the failure of the trust company to register its title. When he brought this action he knew that he was attempting to compel this defendant to pay moneys for which the trust company alone was ultimately liable. The plaintiff has paid no moneys for which this defendant ought in good conscience to be called upon to reimburse him. The defendant never was the owner of the land and was never possessed of any interest therein, and the case is clearly distinguishable from Commonwealth National Bank v. Shoemaker, 13 W. N. C. 255, in which case the land was held as security for a debt. As between these parties, the assessment of the taxes is not conclusive as to the person who ought to pay them, and in cases of this character, a recovery may be had from the owner of the land, under some circumstances, when the taxes had been assessed in the name of another ; such was the case in Caldwell v. Moore, 11 Pa. 58. The case presented by these affidavits is not one in which the plaintiff is entitled to recover on equitable grounds.

The judgment is affirmed.