## Fidelity Insurance Trust and Safe Deposit Company, Trustee, *v.* Second Phœnix Building and Loan Association.

*Taxation—Payment of taxes by mortgagee—Building and loan associations.*

Where a mortgagee is compelled by compulsion of law to pay taxes for which the owner is liable, the mortgagee may recover from the owner the amount of the taxes paid.

*Practice, C. P.—Demurrer—Affidavit of defense.*

Where a defendant has demurred to a statement in assumpsit and judgment has been entered for the plaintiff on the demurrer, the court does not abuse its discretion in subsequently refusing to open the judgment thus entered, and let the defendant into a defense upon the merits.

Argued Dec. 13, 1900. Appeal, No. 237, Oct. T., 1900, by defendant, from orders of C. P. No. 1, Phila. Co., June T., 1900, No. 162, entering judgment on demurrer and refusing to open judgment in case of Fidelity Insurance Trust and Safe Deposit Company, Trustee for Gertrude Abbott, under will of Redman Abbott, Deceased, v. Second Phœnix Building and Loan Association. Before RICE, P. J., BEAVER, OR- LADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Assumpsit to recover taxes paid by mortgagee.

From the record it appeared that the defendant filed a demurrer to the statement. The demurrer was overruled and judgment entered in favor of the plaintiffs. Thereafter the defendant obtained a rule to open the judgment, and let it into a defense on the merits. The court subsequently discharged this rule.

*Errors assigned* were (1) in entering judgment for the plaintiff on the demurrer. (2) In discharging rule for judgment.

*William S. Divine*, with him *Samuel B. Huey*, for appellant. —This case it is submitted is ruled by Commonwealth Nat. Bank v. Shoemaker, 13 W. N. C. 255.

*Adolph Eichholz*, of *Pigott, Remak & Eichholz*, for appellee,

cited: Hogg v. Longstreth, 97 Pa. 255; King v. Mt. Vernon Building Assn., 106 Pa. 165; Republic Building & Loan Assn. v. Webb, 12 Pa. Superior Ct. 545; Com. v. Mahon, 12 Pa. Superior Ct. 616.

OPINION BY W. D. PORTER, J., May 23, 1901:

This action was in assumpsit and the declaration alleged, giving details of fact and circumstance, that, from December 11, 1895, to April 18, 1900, the plaintiff was the mortgagee of two lots of ground fronting on South Fifth street, in the city of Philadelphia, under two duly recorded mortgages; that on March 22, 1897, the owner of the land at the instance of the defendant, by deed absolute upon its face conveyed said lots to Leon H. Foltz; that the title of Foltz was a mere dry trust for the use of the defendant; that the defendant at once took possession of the land and, as the beneficial owner, continued to occupy and receive the rents, issues and profits of the same until April 18, 1900; that while the defendant was in possession of the land, under said equitable title, the taxes for the years 1898, 1899 and 1900 were duly assessed and became a lien upon the land, and the defendant failed to pay the same; that in April, 1900, the lots were sold by the sheriff under proceedings upon plaintiff's mortgages and the plaintiff became the purchaser; that the amount realized from the sale was not sufficient to discharge the mortgages and taxes aforesaid, and the plaintiff was compelled, on April 18, 1900, to pay to the sheriff for the use of the city and county of Philadelphia, taxes, for the years above stated, amounting to $427.67, which had remained a charge upon the land because of the failure of the defendant to pay the same. The defendant filed a demurrer, upon which, after argument, the learned judge of the court below entered judgment for the plaintiff. The right of the plaintiff to recover upon the facts established by the pleadings is no longer a matter of doubt; the judgment of the court below is fully sustained by authority: Commonwealth Nat. Bank v. Shoemaker, 13 W. N. C. 255; Caldwell v. Moore, 11 Pa. 58; Hogg v. Longstreth, 97 Pa. 255; King v. Mt. Vernon Bldg. Assn., 106 Pa. 165; Republic Bldg. & Loan Assn. v. Webb, 12 Pa. Superior Ct. 545; Commonwealth v. Mahon, 12 Pa. Superior Ct. 616; Rawle v. Renshaw, 15 Pa. Superior Ct. 488. The first specification of error is dismissed.

The defendants were fully acquainted with all the facts at the time they were confronted with plaintiff's statement, and if they desired to traverse the allegations of plaintiff they were then at liberty to do so. They elected to demur and thus avoided filing an affidavit of defense. Having taken their chances with the court, with results not altogether satisfactory, they subsequently concluded that they would like to try their fortunes with a jury, and, alleging a defense upon the merits, asked to have the judgment opened. There was no abuse of discretion in the refusal of the court below to open judgment.

The judgment is affirmed. ·