## Landreth *v.* McCaffrey (No. 2).

*Taxation—Liability of owner to mortagee for taxes—Trustee.*

A registered owner of land who is in fact a trustee for the real owners,
and has executed a declaration of trust from which it appears that it was
the intention of the owners that he should take title to the land, advance
his own money, complete the improvements, pay taxes, hold the land as
security, and then sell it to reimburse himself, is liable to a mortgagee who
has been compelled to pay the taxes.

Argued Dec. 13, 1900. Appeal, No. 216, Oct. T., 1900, by
plaintiff, from judgment of C. P. No. 4, Phila. Co., March T., 1899,
No. 171, on verdict for plaintiff in case of Annie B. Landreth
v. Henry S. McCaffrey. Before RICE, P. J., BEAVER, ORLADY,
W. W. PORTER and W. D. PORTER, JJ. Reversed.

Assumpsit to recover taxes paid by mortgagee.
The court refused binding instructions for plaintiff.

The jury returned a verdict for plaintiff for $1,043.29, which did not include the taxes for the year 1898.

Judgment was entered on the verdict.

*Error assigned* was in not giving binding instructions for the plaintiff for the whole amount claimed.

*C. Berkeley Taylor*, with him *Lucius Landreth*, for appellant.

*Frederick J. Knaus*, for appellee.

OPINION BY W. D. PORTER, J., May 23, 1901:

The plaintiff was the holder of certain mortgages, dated August 1, 1895, executed by George W. Howard, upon a number of properties on the east side of Eighteenth street in the city of Philadelphia. Howard conveyed the property to Charles L. Davy, who in turn conveyed, on September 22, 1896, to the defendant. The deed to the defendant was duly registered and he continued to be the registered owner down to July 16, 1898, and during the whole of said period he was in the actual possession of the property and collected the rents and profits. The defendant failed to pay the taxes for the years 1897 and 1898, which accrued while he held title to and possession of the property. The property was sold under proceedings upon the mortgages of the plaintiff, and she became the purchaser at the sale by the sheriff, in July, 1898, the fund realized from the sale not being sufficient to pay the mortgages and taxes. The plaintiff, after becoming the purchaser of the land, was compelled to pay the taxes for the years above mentioned, and brought this action against the defendant to recover the amount so paid.

The deed from Davy to McCaffrey was absolute upon its face, and the defendant exercised over the property the dominion of an owner, but on September 9, 1897, there was recorded a declaration of trust, dated September 29, 1896, which it is now contended relieved the defendant from liability for the taxes. The instrument in question, after reciting the conveyance by Davy to the defendant, and that certain building operations were being carried on upon the property, contains this declaration: "Now know ye that title to said premises is held by the

said Henry S. McCaffrey, in trust, nevertheless, to complete the same, and after paying and satisfying the various mechanic's and municipal claims, taxes, interest, etc., due and owing upon said premises as well as any and all expenses which may be incurred for their completion, to sell and dispose of the same either at public or private sale, at the best price or prices that he can obtain, and divide the proceeds arising therefrom equally between George E. West, Jane G. Grieb, William F. Oleson and Luther H. Gilman, share and share alike, after deducting from the share of each of said parties all such sum, or sums, as he may have received previous to the date of said conveyance to him, the said Henry S. McCaffrey." The learned judge of the court below was of opinion that the defendant was relieved from the liability for the taxes which accrued after the recording of this declaration of trust, and charged the jury that there could be no recovery on account of the taxes for the year 1898. This was upon the ground that all parties had notice of the nature of defendant's title from the time the paper was recorded. The case was submitted to the jury upon the question of actual notice to the plaintiff of the existence of the trust at the time the taxes accrued in 1897. The jury determined that question in favor of the plaintiff and there was a verdict and judgment for the amount of the taxes for that year. The opinion filed by the learned judge, dismissing the motion of the defendant for a new trial, seems to indicate that if the plaintiff had given that court an opportunity to review the rulings made in the haste of a jury trial, the necessity for this appeal by the plaintiff would have been avoided.

The title held by the defendant was not a dry trust; he assumed active duties and had the exclusive right to the possession of the property; the duty of the trustee was to complete the buildings, and after paying and satisfying the various mechanics' and municipal claims, taxes and interest owing upon the property, as well as all expenses incurred in the completion of the buildings, to sell and dispose of the same at public or private sale. The express terms of the instrument made it the duty of the trustee to pay the taxes; it is admitted that he received the rents and that he applied them to the expenses of construction of the buildings, which under the declaration of trust he had undertaken to complete before selling the property.

The defendant had the legal title, the possession and the right of possession, with full power to sell and convey a title in fee-simple. According to his testimony he must have had in the property, at the time the taxes of 1898 were assessed, an amount approximating $5,000, being the amount of his expenditures in excess of the revenue received by him. It is manifest that the purpose of the parties to this transaction was that the defendant should take the title to the land, advance his own money to complete the improvements, holding the land as security, and then sell it to reimburse himself. He, therefore, had an interest in the land the moment that he made the first payment for completing the improvements. The concluding sentence above quoted from the declaration of trust makes it still more clear that this defendant had an interest in the land, even before he had made any advancements as trustee. He did not undertake to convey the land to the parties for whom he declares himself to be a trustee, but to divide the proceeds arising from sales made by himself. The proceeds were to be equally divided among the parties named, " after deducting from the share of each of said parties all such sum or sums, as he may have received previous to the date of said conveyance to him, the said Henry S. McCaffrey." The construction of this instrument was for the court, and there is no warrant for any construction other than, that the defendant took title to this land and was to hold the land and its proceeds as security for money which he had advanced, " previous to the date of said conveyance to him, the said Henry S. McCaffrey," to the several individuals for whom he declared himself to be a trustee. The defendant had a personal interest in the land from the moment he took title, and was liable for the taxes which accrued during both years in question : Commonwealth National Bank v. Shoemaker, 13 W. N. C. 255 ; Republic Bldg. & Loan Assn. v. Webb, 12 Pa. Superior Ct. 545 ; Rawle v. Renshaw, 15 Pa. Superior Ct. 488 ; and see opinion in Fidelity Trust Company v. Second Phœnix B. & L. Association filed this day. The second and fifth specifications of error in the appeal of the plaintiff must be sustained. The appeal of the defendant will be disposed of in a separate order.

The judgment is reversed and a venire facias de novo awarded.