## Neilson *v.* Equitable Trust Company, Appellant.

*Taxation—Liability for taxes—Trustees.*

A trustee who accepts an absolute conveyance of the land, registers and records his deed, and under some secret trust assumes the performance of active duties cannot escape liability for taxes to another who has paid them by the mere assertion that he is a dry trustee.

When a responsible trust company, for its own profit, holds itself out to the world as the absolute owner of land, by accepting and registering and recording a deed, all parties who deal with the title have the right to assume that the registered and recorded owner is liable for the taxes, unless they have notice to the contrary.

In an action to recover taxes where the defendant does not in the affidavit of defense, deny that the taxes had been properly assessed against him, and that at the time they were assessed the title as registered and recorded showed the defendant to be the owner of an absolute estate in fee simple in the land upon which the taxes had accrued, an averment in the affidavit of defense that the defendant was a mere dry trustee, without any statement as to the nature of the trust, is insufficient to prevent judgment.

Argued Oct. 16, 1901. Appeal, No. 88, Oct. T., 1900, by defendant, from order of C. P. No. 1, Phila. Co., Sept. T., 1901, No. 727, making absolute a rule for judgment for want of a sufficient affidavit of defense, in case of Emily L. Neilson v. The Equitable Trust Company. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Assumpsit to recover taxes which plaintiff was compelled to pay.

Defendant filed the following affidavit of defense:

In August, 1897, M. P. Wells and Edwin P. Young, copartners, trading as M. P. Wells & Company, entered into an agreement with one Angus S. Wade to erect certain houses on the north side of Girard avenue, west of Forty-second street, in the city of Philadelphia, including the two properties, 4249 and 4251 Girard avenue, mentioned in the statement. This agreement was filed in the prothonotary's office, on August 21, 1897, C. P. 2, June term, 1897, No. 676, recorded in building contract book, No. 4, p. 207, etc., and provided that said Wells & Company were to be paid for their work partly in cash and partly by the conveyance to them of some of the houses. The cash consideration was deposited with defendant company, and the property was conveyed by said Angus S. Wade to one Wesley Bartine (as appears by deed dated November 16, 1897, recorded in deed book W. M. G. No. 239, p. 263, etc.), who, after executing certain first mortgages, reconveyed the lots to said Angus S. Wade subject thereto. Said Wade by deed dated November 18, 1897, recorded in deed book W. M. G. No. 231, p. 404, conveyed the premises in question to the defendant company, to hold same and deliver same to said Wells & Company when and as they should be entitled thereto in accordance with the terms of their said building contract with Angus S. Wade. Said defendant had no right to receive, and did not receive, any of the rents, issues and profits of said property. Said defendant was a mere dry trustee, and had no interest in said premises, except to hold the bare legal title thereto, and transfer the same in accordance with the terms of said building contract, or as directed by said Wells & Company and said Wade. One of the contractors upon said work became entitled to receive two second mortgages for $900, each upon two of said lots, and at the request of the said parties in interest, for whom defendant held title, defendant on February 1, 1899, by deed recorded on February 15, 1899, in deed book, J. V. No. 30, p. 165, etc., conveyed the two lots in question, 4249 and 4251 Girard avenue, to one John Henry Cassel, who executed two mortgages to Edwin P. Young, dated February 11, 1899, and recorded February 15, 1899, in mortgage book J. V. No. 3, pp. 164 and 174, etc., respectively. Said mortgages were assigned to one D. H. Carstairs on February 15, 1899, who by

assignment dated September 11, 1899, recorded in assignment of mortgage book, 246, p. 52, etc., transferred the same to plaintiff.

At the time of said assignment to plaintiff defendant company issued its title policy No. 10,111 to her, and among the exceptions therein was expressly noted the fact that said taxes for 1899 were unpaid.

Said defendants only held title to said premises during one month (January) of the year 1899, and did not receive any sum whatever, as the rents, issues and profits of said premises, either during the year 1899, or prior thereto.   It is untrue that defendant was at any time entitled to receive the rents, issues and profits of said premises.   Defendant held title, as above said forth, solely as a dry trustee, and had no legal power to apply or cause to be applied, any of the said rents and profits of the said premises to the payment of said taxes for 1899.   The entire rents, issues and profits of said premises during the month of January did not exceed the sum of $50.00.

Defendant denies that the said taxes were the proper debt of defendant, that payment thereof was made in ease of the defendant, or that defendant is justly indebted to plaintiff in any sum whatever.

All of which facts are true and defendant will prove same upon the trial of the cause.

The court made absolute the rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*Ira J. Williams*, with him *Simpson & Brown*, for appellant.— A mere dry trust is not liable for taxes: Rawle *v.* Renshaw, 15 Pa. Superior Ct. 488.

The true owner of land is alone liable for the payment of the taxes assessed against him.   Personal liability for such taxes ought to be and is an incident of such ownership.   He who receives the rents from real estate ought to pay the taxes thereon. It is against the principles of natural justice to compel a nominal owner to pay the taxes upon a piece of property and exempt the real owner who is in receipt of the income therefrom:

King v. Mt. Vernon Building Assn., 106 Pa. 169; Smeich v. York County, 68 Pa. 439; Miles v. Delaware & Canal Co., 140 Pa. 627; Landreth v. McCaffrey, 9 Pa. Dist. Rep. 343.

*Clinton Rogers Woodruff*, with him *William D. Neilson*, for appellee.

OPINION BY W. D. PORTER, January 21, 1902:

The affidavit of defense does not deny that, at the time the taxes in question were assessed and became a charge upon the land, the title as registered and recorded showed the defendant to be the owner of an absolute estate in fee simple in the said land; it is not denied that the taxes were properly assessed in the name of the defendant, nor that the plaintiff was subsequently compelled to pay them. These facts established a prima facie right in the plaintiff to be reimbursed by the defendant for the payment so made: Caldwell v. Moore, 11 Pa. 58; Hogg v. Longstreth, 97 Pa. 255; King v. Mount Vernon Building Association, 106 Pa. 165; The Commonwealth Nat. Bank v. Shoemaker, 13 W. N. C. 255; Commonwealth v. Mahon, 12 Pa. Superior Ct. 616. The allegation of the affidavit relied upon by the defendant, as sufficient to prevent judgment is: "Said defendant was a mere dry trustee, and had no interest in said premises, except to hold the bare legal title thereto, and transfer the same in accordance with the terms of said building contract, or as directed by said Wells & Company and said Wade." The affidavit in its opening sentence alleged that Wells & Company and Wade had entered into a building contract, which involved the land in question, and that said agreement had been filed in the prothonotary's office. The terms of the agreement are not set forth in the affidavit, nor is a copy of that agreement printed in the paper-book of the appellant. It is not alleged that the defendant was a party to the agreement, although it is asserted that Wade conveyed the property to the defendant in accordance with the terms thereof. The affidavit does not state what covenants the defendant entered into when it accepted and recorded a conveyance in fee of the land which rendered it "a mere dry trustee;" nor does it state with whom the defendant entered into such covenants. If the defendant had entered into any contract or agreement which changed the

character of the title under which it apparently held, it was incumbent upon it to set forth in its affidavit the specific terms of that agreement; and it was for the court to determine the character of the estate arising out of those covenants. The assertion of the affidavit that the defendant was a mere dry trustee was a conclusion of law, and the facts upon which that conclusion was based not having been stated, the affidavit was insufficient. A trustee who accepts an absolute conveyance of the land, registers and records his deed, and under some secret trust assumes the performance of active duties, cannot escape liability for taxes by the mere assertion that he is a dry trustee: Landreth v. McCaffrey, 17 Pa. Superior Ct. 272 and 276. When a responsible trust company, for its own profit, holds itself out to the world as the absolute owner of land, by accepting and registering and recording a deed, all parties who deal with the title have the right to assume that the registered and recorded owner is legally liable for the taxes, unless they have notice to the contrary. The facts presented by this affidavit do not bring the case within the scope of the decision in Rawle v. Renshaw, 15 Pa. Superior Ct. 488, in which case there was a written declaration of trust, of which the plaintiff had express notice.

The judgment is affirmed.