## Bergdoll *v.* Pitts, Appellant (No. 1).

*Taxation—Liability of registered owner—Taxes on real estate—Sheriff's sale.*

In an action by a purchaser at sheriff's sale in foreclosure proceedings to recover from the former registered owner of the land taxes assessed against the land during such ownership, which the plaintiff had been compelled to pay in order to save the property, an affidavit of defense is insufficient which merely avers that another person was the real owner of the land without any averment as to how such person became the owner, or if he were trustee, how he became a trustee, or what was the nature of his duties.

Argued Oct. 8, 1909. Appeal, No. 85, Oct. T., 1909, by defendant, from order of C. P. No. 4, Phila. Co., Dec. T., 1908, No. 5,414, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Charles A. Bergdoll, Guardian of Grover C. A. Bergdoll, v. Lillie H. Pitts. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Assumpsit to recover taxes paid by plaintiff on real estate.

Rule for judgment for want of a sufficient affidavit of defense.

AUDENRIED, J., filed the following opinion:

The plaintiff foreclosed a mortgage that he held on five lots of ground in the city of Philadelphia and bought in the property at the sheriff's sale. The price realized by said sale failed to pay the tax claims against the property. In order to protect himself the plaintiff after getting title to the property paid the tax claims against it. Among them were five claims for $73.33 each, assessed against the several lots for the year 1903 in the name of Lillie H. Pitts, who, it is averred, held title thereto from October 11, 1902, to December 22, 1903, her deed therefor being duly registered and recorded. This action was brought to recover from Lillie H. Pitts the sum of $366.65 thus paid by the plaintiff for 1903's taxes on his lots.

The fact averred by the affidavit that the defendant never owned or held record title to No. 354 North Sixty-second street, one of the properties mentioned in the statement of claim, and that no taxes were assessed thereon against her for the year 1903, constitutes a good defense to the extent of $73.33, the amount claimed in respect to the plaintiff's payment of taxes on that property.

As a defense to the remainder of the plaintiff's claim the affidavit sets up that although the defendant held the record title to the four other mortgaged properties during the period above mentioned, and although the taxes thereon for 1903 were assessed against them in her name, she was never their real owner and never received any income or benefit from them; that their true owner during the time she held their legal title was Robert A. Pitts, who absolutely controlled said properties and collected and enjoyed the rents therefrom; that the plaintiff knew that Robert A. Pitts was the real owner of the four properties and recognized him as such by sending to him the bills for the mortgage interest as it fell due, and acknowledging the receipt of the payments of that interest as made by the said Robert A. Pitts, whom he advised to appropriate the rents of the property to such payments rather than to the payment of taxes for the year 1903, which the plaintiff knew were not then paid.

We are of the opinion that the facts thus averred fall short of constituting a sufficient defense to the remainder of the plaintiff's claim.

The party who at law is responsible for the payment of taxes assessed on real estate is its real owner. Prima facie he who holds a deed to the land, which has been registered and recorded, is the real owner. The fact that he is out of possession and that another is enjoying the rents, issues and profits of the property is no reason why its real owner should escape the burden of paying the taxes on it.

A bare trustee, who holds the record title to land for another, would not, of course, be liable for the payment of the taxes on it; but it lies on such a person, if he should escape taxation, to show exactly what his relation to the property

is and demonstrate that he has no personal interest in it. Failing in this, his responsibility for the taxes becomes fixed.

The right of the mortgagee to maintain an action for the recovery of taxes paid by him under such circumstances as those present in this case arises by way of subrogation. He is subrogated to the right of the city to look to the terre-tenant in whose name the taxes were assessed for their payment. Consequently, no defense is valid against him that would not be effective to bar the city's claim.

It would be no defense to the claim of the city for taxes assessed against the holder of the record title of a property to say, "I am a mere naked trustee of this land;" and such a defense could not avail against a claim for reimbursement by the mortgagee who, to protect his interest after buying in the mortgaged property at a foreclosure sale, has paid the taxes owing thereon: Neilson v. Equitable Trust Co., 18 Pa. Superior Ct. 635. There must be given in either case a full explanation of that defendant's connection with the property. The precise terms of the trust on which he claims to hold the land must be shown. This is required in order that the court may determine whether or not the defendant is as bare of personal interest in the property as he asserts.

For the same reason, both in proceedings instituted by the city and in an action by one standing in the position of this plaintiff, the defendant who admits that at the time of the assessment of the taxes sued for he was the holder of a deed for the land, which was duly registered and recorded, must do more than say, "I was not the real owner when the taxes were assessed, this other man was." Whether or not he or the other man really owned the land is to be determined by the court upon the facts of the case. If, as in the matter before us, the affidavit of defense fails to disclose the facts on which such a conclusion might be predicted, it is insufficient.

The averments that the defendant has never received income or other benefits from the property whose title she held, and that the income therefrom was received by Robert A. Pitts are by no means inconsistent with real ownership in the

property on her part.  It may well be that although the owner she was illegally evicted from the properties by Robert A. Pitts.

The fact that the plaintiff knew that the defendant was never the real owner of four of the mortgaged properties is no bar to his present claim, since his knowledge on that subject would not have precluded the right of the city to demand of her payment of the taxes assessed thereon for 1903, and he now stands with respect thereto in the city's shoes.

For the same reason, the plaintiff's recognition of Robert A. Pitts as the owner of the property by sending him bills for mortgage interest and by receiving interest payments from him amounts to nothing as a defense here.

The averment that the plaintiff, having at the time knowledge of the fact that the taxes for 1903 had not yet been paid, advised Robert A. Pitts that he preferred him to appropriate the rents received from the properties to the payment of the mortgage interest instead of the payment of those taxes does not stand in the plaintiff's way to subrogation to the city's claim against the defendant.  It is not averred that Robert A. Pitts acted on this suggestion by appropriating the income from the mortgaged properties to the payment on the interest on the plaintiff's mortgage, or that in the absence of the suggestion he would have applied that income to paying those taxes.  Even if the plaintiff received the interest on mortgage from Robert A. Pitts, whether as the owner of the mortgaged properties or otherwise, no matter whether the source from which the latter derived the money was the rental of the properties or not, we do not see how that fact can be urged by the defendant against the plaintiff's subrogation to the city's right against her.  Such interest payments by Robert A. Pitts were in the defendant's relief, and the plaintiff did her no wrong by taking from him what she otherwise would have paid herself.

The plaintiff's rule for judgment for $293.32, with interest from October 20, 1908, will be made absolute; and judgment will be entered in favor of the plaintiff and against the defendant for $301.14.

*Error assigned* was the order of the court.

*William A. Gray,* for appellants.—It has always been the policy of our law to make the real owner of a property personally responsible for the payment of taxes assessed thereon, and that it was plainly the intention of the legislature to make the real owner personally responsible is shown by the cases of King v. Mt. Vernon Bldg. Assn., 106 Pa. 165; Caldwell v. Moore, 11 Pa. 58; Wallace's Est., 59 Pa. 401; Rawle v. Renshaw, 15 Pa. Superior Ct. 488.

*William H. Peace,* for appellee.—If there was no question as to the real ownership of the mortgaged premises at the time of the assessment of the tax, the defendant's liability over to the plaintiff under the facts would be undoubted under the following decisions: Caldwell v. Moore, 11 Pa. 58; Hogg v. Longstreth, 97 Pa. 255; King v. Mt. Vernon Bldg. Assn., 106 Pa. 165; Bank v. Shoemaker, 13 W. N. C. 255; Landreth v. McCaffrey, 17 Pa. Superior Ct. 272, 276; Theobald v. Sylvester, 27 Pa. Superior Ct. 362.

Since the defendant (though admitting she held the legal title by deed absolute in her name and duly registered and recorded covering a period prior to the assessment of the tax in question) has set up she was not the real owner, but that Robert A. Pitts was, she having taken a deed, however, from one Farris, it becomes important (and plaintiff contends necessary) she show more in her affidavit than she has, namely, what was the real relation she sustained to the title: Neilson v. Trust Co., 18 Pa. Superior Ct. 635.

OPINION BY PORTER, J., December 13, 1909:

The court below held the affidavit of defense to be insufficient as to a part of the claim of the plaintiff, and for such part entered judgment against the defendant. The opinion of Judge AUDENRIED, which appears in the report of this case, fully vindicates the conclusion at which he arrived, and renders it unnecessary for us to refer to all the details of the allegations of defense.

The affidavit of defense does not deny that, at the time the taxes in question were assessed and became a charge upon the land, the title as registered and recorded showed the defendant to be the owner of an absolute estate in fee simple in the said land; it is not denied that the taxes were properly assessed, nor that the plaintiff, after he had purchased the property at a sale by the sheriff under proceedings upon his mortgage, was compelled to pay the taxes, in order to save the property. These facts established a prima facie right in the plaintiff to be reimbursed by the defendant for the payment so made; Theobald v. Sylvester, 27 Pa. Superior Ct. 362; Frank v. McCrossin, 33 Pa. Superior Ct. 93. The affidavit of defense admits that the title to the property was placed in the name of the defendant on October 28, 1902, "by deed from Thomas F. Farris, as set forth in the plaintiff's statement of claim." The defendant, it is true, attempts to nullify the admission, which the record compelled her to make, by coupling it with the averment, "that at that time and at all times thereafter until the said properties were sold at sheriff's sale, the said properties were owned and controlled by Robert A. Pitts, and that this defendant had no interest in the same." The affidavit contains no averment that there was any defect in the title which had been conveyed to the defendant, nor that the defendant had been ousted from the property by any superior title, nor that the defendant had conveyed to any other person the title which had been vested in her. The affidavit admits that the title had been conveyed to her by a deed duly registered and recorded, and from the facts thus admitted to be true the presumption that the defendant owned the property arises. The attempt to set up a defense amounts to nothing more than an assertion that although the title to the property was in the defendant, the real owner was Robert A. Pitts. Under the facts averred in the statement and in the affidavit of defense admitted to be true, the assertion that the real owner of the property was Robert A. Pitts, amounted to nothing more than a conclusion of law. If there was a defect in the title under which defendant held it was incumbent upon her to aver that defect in her affida-

vit; if she was a mere trustee for Robert A. Pitts, it was incumbent upon her to state in her affidavit the terms of the trust and how the trust arose, or if upon the same day that she received her deed she had executed a conveyance of the property to Robert A. Pitts, which remained unrecorded, it was incumbent upon her to aver that fact: Neilson v. Equitable Trust Co., 18 Pa. Superior Ct. 635. The learned counsel for the appellant argues in his brief that the assertion of the affidavit of defense that the real owner of the property was Robert A. Pitts was sufficient to establish a trusteeship; that it was the equivalent of asserting that the defendant held the title as a trustee for Robert A. Pitts. Had the affidavit in terms averred that the defendant was a mere trustee, that averment would have been insufficient, unless she had set forth in the affidavit how the trust estate was created, the nature of her duties as trustee, and the facts necessary to enable the court to determine upon whom the law imposed the duty to pay the taxes: Landreth v. McCaffrey (No. 2), 17 Pa. Superior Ct. 276. The affidavit of defense was vague, evasive and insufficient.

The judgment is affirmed and the appeal dismissed.

HENDERSON and MORRISON, JJ., dissent.