## Meyers v. Rental Income Corporation.

*Albert Loeb Katz*, for plaintiff; *Harry Shapiro*, for defendant.

KUN, J., May 16, 1930.—This is a suit by plaintiff, purchaser of real estate at sheriff's sale, to recover from the defendant the amount of taxes it failed to pay and which the plaintiff was required to pay, the basis of the claim being, as alleged in the statement of claim, that the defendant was the owner of the property when the taxes accrued. The affidavit of defense filed, while admitting defendant was the registered owner, denies that the defendant was the real owner of the property or had any interest of any kind therein, as a consequence of which it could be held liable to the plaintiff. Plaintiff filed a rule for judgment against defendant for want of a sufficient affidavit of defense. The only question in the case at this time is whether the affidavit of defense has sufficiently set forth alleged facts and circumstances which, if proven, would defeat plaintiff's right to recover against it.

The statement of claim sets forth a good cause of action. Such liability as is alleged against the defendant is well settled. Undoubtedly, also, there is a *prima facie* case against one in whose name the title is registered, because there is a presumption that the record owner is the real owner. It is the real owner, however, who is liable for the taxes, or at least one whose title or interest is more than a mere naked or dry trust. So the real owner was held liable, for instance, in a case where the taxes were assessed in the name of

another—a tenant—who by force of a statute was primarily liable for their payment: Caldwell v. Moore, 11 Pa. 58. Reference to the several cases cited by the plaintiff in support of his rule for judgment shows that they are not controlling, because the pleadings or the facts which appeared in these cases did not sufficiently avoid the liability. In the first case cited, Landreth v. McCaffrey (No. 2), 17 Pa. Superior Ct. 276, it appeared from the declaration of trust executed by the registered owner that the intention of the owners was that he should take title to the land, advance his own money, complete the improvements, pay taxes, hold the land as security, and then sell the property to reimburse himself. It is clear, therefore, that the registered owner was more than a mere dry trustee. He had an interest in the land to which he held title, and, therefore, was liable for the taxes.

In the next case, Neilson v. Equitable Trust Co., 18 Pa. Superior Ct. 635, which went up from this court, it appeared that the defendant held title as a consequence of some written agreement between other persons in the nature of a building contract, the terms of which were not set forth in the affidavit of defense. The court said that the assertion in the affidavit of defense that the defendant was a mere dry trustee was a conclusion of law, and the facts upon which the conclusion was based not having been stated, the affidavit was insufficient.

The next case, Bergdoll v. Pitts (No. 1), 41 Pa. Superior Ct. 257, was likewise one in which there was a mere statement by the defendant that she was trustee for another, in addition to some averments which the court held to be "vague, evasive and insufficient."

The writer sat at the argument of the recent case of Metropolitan Trust Co. v. Real Estate-Land Title and Trust Co., 12 D. & C. 73, in this court and concurred in the opinion written by Judge Taulane. Although the defendant alleged that it held the property as trustee, it clearly appeared that it had a certain security interest in the property, with the right to enter into possession, lease it and collect the rents. This fact rendered the defendant liable, as was the case in Commonwealth National Bank v. Shoemaker, 13 W. N. C. 255, and Landreth v. McCaffrey, supra.

The case of Rawle v. Renshaw, 15 Pa. Superior Ct. 488, gives a correct statement of the law, and the reason for it. That case has neither been overruled nor weakened in any sense, as suggested by the plaintiff. It is there said the right to recover in such a case as this is based upon the principle "that he who is compelled to pay the debt of another, because of the omission of the debtor to do so, may recover on the ground that the money is paid for the use of the debtor, and the law infers that the debtor requested such payment and promised reimbursement. Upon this implied promise of the debtor, the party may maintain an action at law in his own name without the intervention of the municipality or the collector of taxes as legal plaintiffs. It is an equitable mode of compelling the ultimate discharge of the debt by him who in good conscience ought to pay, and to relieve him whom none but the creditor could ask to pay. This right is not to be sustained when, under the circumstances, we would reach a result not only inequitable but in direct contravention of the principles upon which the right has been recognized to be founded. In the present case, accepting the affidavit of the defense as true, the defendant never was the owner of the land upon which the taxes were assessed; his only title was a naked trust."

The defendant in that case had executed a written declaration of trust to the real owner which was not recorded. This fact and the fact that the plaintiff had knowledge of the facts were incidents in the case, but not the reasons

for the decision. The court held that, accepting the averments in the affidavit of defense as being true, the defendant was never the real owner of the land upon which the taxes were assessed. The fact of real ownership was in no sense dependent on plaintiff's knowledge or ignorance of the fact.

There is no question in the case of showing title by an oral agreement. There is no reason why one who has in fact taken title for another may not acknowledge it and declare the fact orally, or, indeed, as in this case, in writing by the affidavit of defense filed in this suit. The trust relationship could not be proved adversely by an oral agreement alone, but certainly the holder of the title can orally admit the fact.

The affidavit of defense shows that one Morris A. Sarshik was the real owner of the property prior to the acquisition of title by the defendant herein; that the legal title to the property was held for Morris A. Sarshik by one Joseph P. Tubis; that Joseph P. Tubis, at the request of Morris A. Sarshik, conveyed it to a third person, and took back as part of the consideration a mortgage, in which mortgage he was described as the mortgagee; that by reason of default in the terms of this mortgage, foreclosure proceedings were instituted at the instigation of Morris A. Sarshik, who paid the costs of the foreclosure, and the property was bought in by the attorney on the writ; that, at the request of Morris A. Sarshik, the defendant corporation took title to the property, but that it paid no consideration therefor, nor has it received any of the rents, income or profits therefrom, but that at all times since the conveyance to it by the sheriff, the rents, income and profits have been received by the real owner, Morris A. Sarshik, and that it, the defendant, has not received any part thereof in any manner, defendant averring that the persons charged with the payment thereof have made payments directly to Morris A. Sarshik.

The affidavit of defense does more than merely state that the defendant was a dry trustee; it shows the alleged facts and circumstances of the trust, from which, if proven, a jury could find that defendant was a mere dry trustee and that Morris A. Sarshik was the real owner of the property at all times, upon whose direction the defendant would make conveyance of the property, the defendant having no interest in it as owner or for security or for any other purpose whatsoever.

The alleged facts are set forth in great detail and with certainty, and it cannot be said that this affidavit of defense is vague, evasive and insufficient. On this rule all the averments in the affidavit of defense must be taken as true, and if so taken, it clearly shows that the defendant never was the real owner of the land on which the taxes were assessed, nor had any interest therein, or right in connection therewith in the way of security or performance of any duties with respect thereto. In short, the facts and circumstances fully set forth in the affidavit of defense show that the title held by it was a mere naked trust. To hold the defendant liable in this equitable mode of compelling the ultimate discharge of the debt by him who in good conscience ought to pay would, under the averments of the affidavit of defense in this case, produce a result not only inequitable, but in direct contravention of the principle on which the right has been recognized to be founded, as was so well stated by W. D. Porter, J., in Rawle v. Renshaw, supra.

The instant case is one in which the real facts and circumstances of the holding of title by the defendant should be developed at a trial. It is not a case in which on the pleadings the plaintiff is entitled to judgment.

The rule for judgment for want of a sufficient affidavit of defense was properly discharged.