## Carbone v. Stockholders Realty Company, Inc.

*A. A. Goodman,* for plaintiff; *E. H. Cushman,* for defendant.

CRANE, J., March 5, 1931.—A brief summary of the facts admitted by the pleadings or established by the evidence will operate as an index to the legal principles involved in the present controversy: On Dec. 24, 1927, a blanket mortgage was executed and delivered to the plaintiff by James Berlingieri and Myer Brenner to secure a loan of $10,000 on ten dwelling houses, Nos. 1504-1506-1508-1510-1512-1514-1533-1535-1537 and 1541 South Corlies Street in the City of Philadelphia. Said mortgagors acquired title to the aforesaid premises from the defendant, to whom they reconveyed title immediately after the creation of said mortgage. The defendant defaulted in the payment of taxes upon the aforesaid premises for the years 1928 and 1929. Plaintiff having obtained a judgment on the bond, a writ of *fieri facias* was issued thereon, and on Dec. 2, 1929, said mortgaged premises were sold by the sheriff, who, on Dec. 16, 1929, conveyed said premises to the plaintiff as purchaser at sheriff's sale by deed poll duly recorded. City and school taxes for the years 1928 and 1929 were assessed upon the mortgaged premises in the name of defendant, and upon default of payment thereof by said defendant, plaintiff paid the taxes for both years, amounting to $2159.06, the amount of the claim in the present suit.

The defense interposed against plaintiff's claim was that defendant was not the real owner of said premises during the years 1928 and 1929, disavowing any beneficial interest therein, merely holding title under a declaration of trust for the specific purposes set forth therein.

The principle of law applicable to the instant case will be found in Bergdoll *v.* Pitts (No. 1), 41 Pa. Superior Ct. 257. Paraphrasing this authority, the party who at law is responsible for the payment of taxes assessed on real estate is its real owner. *Prima facie,* he who holds a deed to the land which has been registered and recorded is the real owner. The fact that he is out of possession and that another is enjoying the rents, issues and profits of the property is no reason why its real owner should escape paying the taxes on it. The deed to the mortgaged premises in the present case was admittedly registered and recorded in the name of the defendant, and, therefore, *prima facie,* defendant is to be regarded as the real owner. Of course, a bare trustee, who

holds the record title to land for another, would not be liable for the payment of taxes on it, but it is incumbent on such trustee, if he would escape taxation, to show affirmatively his exact relation to the property and demonstrate that he has no personal interest in it. Failing in this, his responsibility for the taxes becomes fixed. The right of the mortgagee to maintain an action for the recovery of taxes paid by him under such circumstances as those present in this case arises by way of subrogation. Plaintiff becomes subrogated to the right of the city to look to the terre tenant in whose name the taxes were assessed for their payment. Consequently, no defense is valid against him that would not be effective to bar the city's claim. The precise terms of the trust on which defendant claims to hold the mortgaged premises must be shown in order to enable the court to determine whether or not the defendant is as bare of interest in said property as he asserts. For a registered owner of real estate to assert that the real ownership is in another is a conclusion of law.

The important proposition of law presented by the present record is whether the registered owner of real estate is protected from the payment of taxes where he holds title by fee simple deed, under claim of the existence of a trust under which he alleges he has no beneficial interest, especially where no sufficient notice of the trust has been given to a subsequent transferee of title, who is obliged to pay all taxes.

In the case of Theobald v. Sylvester, 27 Pa. Superior Ct. 362, it was held that when a new owner has been compelled to pay taxes for which his predecessor in title was legally and personally liable, he may recover of the latter the amount so paid in an action of assumpsit.

Referring to the operation agreement dated Aug. 11, 1926, defendant's Exhibit No. 1, we initially observe that neither plaintiff nor defendant is a party thereto. While this agreement provided that the mortgaged premises in suit, inter alia, were to be conveyed to the defendant in trust, it is to be observed in the twenty-first paragraph thereof that the trust was not to be expressed on the face of the record, but by a separate declaration of trust. This proviso is pregnant with significance. The declaration of trust (see defendant's Exhibit No. 2) was never recorded, and, moreover, the operation agreement was likewise unrecorded, and being offered in evidence discloses a covenant not to express the terms of the trust on the face of the record. It clearly appears that every legal ingenuity was resorted to for the purpose of keeping from public knowledge the existence of the trust under which defendant claims to have held title during the two years the taxes in question were assessed.

.The affidavit of defense is devoid of any averment that plaintiff received actual notice of the unrecorded operation agreement and declaration of trust. Paragraph 11 of the supplemental affidavit of defense charges plaintiff with constructive notice that title was held in the name of defendant as trustee for the respective subcontractors and materialmen named in paragraph 10, duplicate originals of the contracts pledging said premises as security for the payment of debts for labor and material having been duly filed of record in the office of the Prothonotary of Philadelphia County on Aug. 23, 1926, as of C. P. No. 3, June Term, 1926, M. L. D. An examination of the building contracts thus recorded in the mechanics' liens docket reveals no mention of any collateral agreements showing the trust relationship relative to the title of the premises in question. In fact, one contract, namely, that of James Berlingieri and Myer Brenner, contractors, recorded as of C. P. No. 3, June Term, 1926, No. 2909, M. L. D., contains a waiver of liens in favor of the Stockholders Realty Company, Inc., defendant herein, as owner.

Under the authority of Bergdoll *v.* Pitts, *supra*, even if the plaintiff knew that defendant was never the real owner, this fact would not preclude his right to recover taxes paid by him. For further authorities see Neilson *v.* Equitable Trust Co., 18 Pa. Superior Ct. 635, and the recent case of Metropolitan Trust Co. *v.* Real Estate-Land Title & Trust Co., 12 D. & C. 73.

A trustee who accepts an absolute conveyance of land, registers and records his deed, and under some secret trust assumes the performance of active duties, such as conveying land and accepting reconveyance thereof after intermediate mortgages have been created, cannot escape liability for taxes by the mere assertion that he is a dry trustee. It appears in the testimony that the president of the defendant company was likewise the president of the Equitable Bond & Mortgage Company, party to the operation agreement, identified as defendant's Exhibit No. 1. The language of Judge Porter in the case of Neilson *v.* Equitable Trust Company, *supra*, is peculiarly appropriate to the present case, to the effect that when a responsible company holds itself out to the world as the absolute owner of land by accepting and registering of record a deed, all parties who deal with the title have a right to assume that the registered and recorded owner is legally liable for the taxes unless they have notice to the contrary. The facts of the case at bar do not bring it within the scope of the decision in the case of Rawle *v.* Renshaw, 15 Pa. Superior Ct. 488, in which case there was a written declaration of trust of which the plaintiff had express notice.

After a careful consideration of the entire record in this case, we conclude that plaintiff, as purchaser at sheriff's sale, is entitled to recover taxes he was obliged to pay which had previously been assessed against the premises in the name of defendant, particularly in view of the fact that he possessed neither actual nor constructive notice of the existence of the trust under which defendant alleges he held title.

We accordingly find in favor of the plaintiff in the sum of $2299.40.