## Phila. Co. for Guaranteeing Mtgs. v. Hendricks, Appellant.

Argued October 16, 1931.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*Edward H. Cushman* and with him *Louis Gorrin,* for appellant.

*Thomas P. Mikell* and with him *Saul, Ewing, Remick & Saul,* for appellee.

OPINION BY BALDRIGE, J., January 28, 1932:

This appeal is from a judgment entered for want of a sufficient affidavit of defense.

On March 21, 1928, Norman R. Cromwell, the owner of nine properties situate on Dodson Road, in the County of Philadelphia, executed and delivered to the plaintiff nine bonds and accompanying mortgages covering the premises. On the same date, Cromwell conveyed the premises to the defendant, who held title thereto until June 25, 1929, when she conveyed them to Frances Kalden. When the settlement was made on March 21, 1928, Louis Blaul, the beneficial owner of the property, in order to complete the settlement, borrowed from the defendant the sum of $5,325, and, as security for repayment of the loan, conveyed the title to her. This real estate was subsequently sold at sheriff's sale and the plaintiff, as a mortgagee, was required to pay the taxes assessed on January 1, 1929, which is the basis of this suit.

The affidavit of defense avers that the defendant was never in possession of the property; that at no time did she collect the rents or exercise any ownership over the real estate, except to permit the title to be conveyed to her. She alleged that a verbal agreement was made by John M. Hendricks, her husband, acting not only for Blaul, but for herself. This agreement made by Hendricks with himself as agent for both parties was very indefinite as to its terms and conditions. At any rate, it seems that the defendant was to hold the title solely and only as a trustee for Blaul, until such time as he would pay the sum of $5,325.54, and she and "her nominee or nominees holding title"

would, upon the repayment of that sum, reconvey the title to Blaul, his heirs and assigns. It was averred that the plaintiff had knowledge of this oral agreement.

It is contended upon the part of the appellant that she was but a dry trustee under the authority of Rawle v. Renshaw, 15 Pa. Superior Ct. 488. In that case, there was a written, but unrecorded, declaration of trust, providing that the registered owner was a bare trustee without a beneficial interest, with no duties or privileges whatever, except to reconvey to the real owner on request. These facts were known to the mortgagee. The case at bar is readily distinguishable from that case, as this defendant had a beneficial interest in the property. The affidavit of defense clearly indicates that the property was conveyed to her to protect her in a loan she had made to the beneficial owner. She could retain the title until that money was repaid to her, or she could have conveyed the legal title when, and to whom, she chose. She was not subject to anyone's dictation until she was repaid. She certainly had an interest therein which the conveyance protected. When one acquires a personal interest in land to which he has title, a dry trust is not created and he cannot escape taxation: Bergdoll v. Pitts., 41 Pa. Superior Ct. 257. In the case of Com. Natl. Bank v. Shoemaker, 13 W. N. C. 255, the bank held title as collateral for a loan. The Supreme Court said, ''The bank held title to the land by a deed absolute on its face, and also caused it to be registered as an absolute title, in the Registry Bureau, under the 14th March, 1865 (Purd. Dig. 1376-7). By this record of title it became liable for the taxes thereafter assessed thereon, and liable for damages sustained by the mortgagee by reason of their nonpayment.''

The appellant contends further that she is not liable, as a first mortgagee is seeking to recover taxes paid

by it from one, who, it knew at the time it made the mortgage loan, was, in reality, a second mortgagee. A sufficient answer to that position is that the appellant averred that the property was conveyed to her solely and only as a trustee, not as a mortgagee, and it is upon the affidavit of defense that this appellant must rely. Nor do we think it necessary to discuss whether the affidavit of defense is insufficient for its failure to set forth the terms of the trust, as contended by the appellee, for, in our view, the averment that the defendant had a beneficial interest prevents her from setting up the defense of a bare trust. The notice to the plaintiff of this oral trusteeship has no bearing on this case, in view of the defendant's beneficial interest.

The conclusion of the learned court below is fully sustained by authority. Judgment affirmed.