HERBERT M. KIMBALL, 2ND., *Admr. vs.* ANNA M. McGOWAN.

NOVEMBER 27, 1940.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J. Plaintiff, as administrator of the estate of Emma K. Bushnell, deceased, brought this action to recover the sum of $136.27, which he paid to the city of Providence for taxes assessed, on June 15, 1937, against the defendant as the recorded owner on that date of certain real estate situated at 193 Hanover street in this city. The case was tried before a justice of the superior court, sitting without a jury, and resulted in a decision for the defendant. The plaintiff duly excepted to that decision and the case is now here on that exception solely.

The material facts were stipulated in the superior court and are as follows: Emma K. Bushnell conveyed the above-mentioned real estate to one Hugh Mooney, on July 11, 1927, and received from him a mortgage thereof in the sum of $6000. On July 22, 1927, Mooney conveyed this real estate to one Thomas L. Wynne, who later, on June 8, 1936, conveyed it to this defendant, subject to the mortgage of Emma K. Bushnell. The defendant, however, did not assume and undertake to pay this mortgage and she never paid any interest or any part of the principal sum to the mortgagee. On June 27, 1937, she conveyed her interest to Raymond B. Allen and wife, subject to the Bushnell mortgage.

The mortgagee died on January 8, 1938. At the time of her death, the interest on the mortgage note for 1937 was in arrears. On May 20, 1938, the plaintiff foreclosed the mortgage and purchased the mortgaged real estate at the foreclosure sale for the sum of $3000 for the benefit of the mortgagee's estate. Thereafter, the plaintiff paid to the city of Providence the 1937 taxes in the amount of $136.27, which were assessed against this defendant as the recorded owner of the mortgaged real estate on June 15, 1937. He then brought this action to recover that sum from her, on the ground that the law implied that she had requested him to pay it for her benefit.

The plaintiff cites the following authorities in support of his position. *Republic Building Loan Assoc.* v. *Webb*, 12 Pa. Super. Ct. 545; *Fidelity Ins. & Trust Co.* v. *Second Phoenix, etc.*, 17 Pa. Super. Ct. 270; *Hogg* v. *Longstreth*, 97 Pa. 255. He also quotes several texts, including that on taxation in 27 Am. & Eng. Encyc. of Law, (2d. ed.) 749, to the effect that: "When a party in interest, on default of the person primarily liable, is compelled to pay taxes to protect his own interests, he has a remedy over for the recovery of the amount so paid against the party primarily liable." The Pennsylvania cases which plaintiff cites applied this doctrine for the benefit of a mortgagee who had paid the taxes due from his mortgagor's grantee, who had not undertaken and agreed to pay the mortgage.

In *Citizens Savings Bank* v. *Guaranty Loan Co.*, 62 R. I. 448, 6 A. 2d. 688, we had occasion to consider at some length the application of this doctrine to a mortgagee and its mortgagor's grantee, and this court, by a majority, came to the conclusion that a mortgagee could not, after foreclosure of its mortgage, maintain an independent action against the mortgagor to recover taxes which the mortgagee had paid to protect its security, since such payment did not create a lien or liability independent of the mortgage; and held that, *a fortiori,* this must also be true as to the mortgagor's grantee who held subject to the mortgage but had not undertaken and agreed to pay it. This court there observed that this appeared to be the general rule by the weight of authority; and, although recognizing the existence of authority *contra,* stated that those authorities which were in accord with the view of the court were supported by the better reasoning. Nothing has been presented in the instant case to lead this court to alter that view.

We are of the opinion that by paying the taxes in the instant case *after* the foreclosure sale the plaintiff, as a purchaser in behalf of the estate of the mortgagee, stands in no

better position than he would be in if he were a mortgagee who had bought the property at a foreclosure under the mortgage and sought to recover taxes paid by him before the foreclosure. We therefore hold that the decisive question at issue in this case is governed by the decision of this court in *Citizens Savings Bank* v. *Guaranty Loan Co., supra.*

The plaintiff's exception is, therefore, overruled, and the case is remitted to the superior court for the entry of judgment on the decision.

*Charles R. Easton,* for plaintiff.

*Taft & Beane,* for defendant.